**In re KAVA BOWL, an American Samoa corporation, Debtor.**

**Bankruptcy No. 84–00083.**

United States Bankruptcy Court, D. Hawaii.

June 21, 1984.

Thomas F. Casey, Jr., San Mateo, Cal., Ted T. Tsukiyama, Honolulu, Hawaii, for debtor.

Joseph L. Dwight, Jr., Honolulu, Hawaii, for Government of American Samoa.

William L. Yuen, Honolulu, Hawaii, for Principal and Shareholder of Kava Bowl.

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

JON J. CHINEN, Bankruptcy Judge.

Kava Bowl, Ltd., (hereafter "Kava Bowl") an American Samoan corporation, filed a Petition for relief under Chapter 11 on February 17, 1984, with the Clerk of the Bankruptcy Court, District of Hawaii. Kava Bowl was incorporated in American Samoa where it maintains its principal place of business, that of a bowling alley and a snack-shop, and where its principal assets are located. The schedules reveal that ten of Kava Bowl's twelve listed creditors are in American Samoa.

On March 29, 1984, the Government of American Samoa (hereafter "Government"), a major creditor of Kava Bowl, filed herein a Motion to Dismiss Petition for Lack of Jurisdiction and Venue, which was heard before the undersigned Judge on June 4, 1984. Present were Thomas F. Casey, Jr., Esq., and Ted T. Tsukiyama, Esq., representing Kava Bowl, Joseph L. Dwight, Jr., Esq., representing Government, and William L. Yuen, Esq., representing Kalihi Bowl, Ltd., a creditor and principal shareholder of Kava Bowl.

Government contends, through its memoranda and argument, that the petition should be dismissed because there is no bankruptcy jurisdiction over American Samoa. Congress has not promulgated an Organic Act for American Samoa but has granted all governmental authority over the territory to the designee of the President of the United States. The President has delegated this authority to the Secretary of the Interior who has, pursuant to this authority, approved the American Samoa Constitution which granted all judicial power to the High Court of American Samoa. Thus, Government contends that there is no United States District Court or Bankruptcy Court jurisdiction in American Samoa.

Kava Bowl contends that the Bankruptcy Court in the District of Hawaii has jurisdiction over Kava Bowl's bankruptcy petition for the following reasons:

1. Kava Bowl's accounting records are kept in Honolulu.

2. Kava Bowl has some cash in a Honolulu bank.

3. Kava Bowl has been collecting some accounts receivable in Honolulu.

Kava Bowl asserts that any person, including corporations, with property in the United States may be a debtor under Title 11.

Based upon the memoranda and record herein and the argument of counsel, the Court finds as follows:

The legislation regarding the governance of American Samoa provides in part as follows:

Until Congress shall provide for the government of such islands, *all* civil, *judicial* and military powers shall be vested in such person or persons and shall be exercised in such manner as the President of the United States shall direct. (emphasis added). 48 U.S.C. 1661(c).

By Executive Order, the President delegated this power to the Secretary of the Interior of the United States. *Exec. Order No. 10264, 3 C.F.R. 1949–1953 Comp.*, p. 765.

Under this authority the Secretary of the Interior approved the American Samoan Constitution which provides in part:

[T]he judicial power shall be vested in the High Court of American Samoa, the District Courts and such other courts as may from time to time be created by law. *Rev. Const. Am Sam. Art. III, Sec. 1.*

The judicial power of the Territory of American Samoa is thus vested in the High Court of American Samoa. Further the American Samoa Code enacted by the territorial legislature (Fono) has not provided for the remedy of bankruptcy but has provided for receiverships in cases of insolvency.

In contrast to the governance of American Samoa, Congress has, by statute or amendment thereto, extended the Bankruptcy Code to the Virgin Islands, 48 U.S.C. § 1612, Guam, 48 U.S.C. § 1424, and the Northern Marianas Islands. 48 U.S.C. § 1694(c). The basis for bankruptcy jurisdiction in Puerto Rico differs from these areas for, although there has been no technical amendment extending bankruptcy jurisdiction and there is no specific inclusion of Puerto Rico under the Bankruptcy Code, bankruptcy jurisdiction there has been sustained on the basis of District Court jurisdiction, the fact that the U.S. bankruptcy system has been applied there for over 70 years, and the Administrative Office of the U.S. Courts has staffed and supported the Bankruptcy Court in Puerto Rico, which has processed over 1400 bankruptcy cases.

*In re Segarra*, 14 B.R. 870 (Bankr.P.R. 1981).

■ No statute or amendment to any statute has been enacted to extend the Bankruptcy Code to American Samoa. And, unlike Puerto Rico, the United States bankruptcy system has never been applied in American Samoa. Thus, there is no bankruptcy remedy in American Samoa.

■ Kava Bowl contends that by virtue of 11 U.S.C. § 109(a), it may file a petition in bankruptcy in the District of Hawaii.

11 U.S.C. 109(a), entitled "Who may be a debtor", states:

Notwithstanding any other provision of this section, only a person that resides in the United States, or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

28 U.S.C. 1472, concerning venue of cases under title 11, states:

Except as provided in section 1474 of this title, a case under title 11 may be commenced in the bankruptcy court for a district—

(1) in which the domicile residence, principal place of business, in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement....

In the instant case, Kava Bowl acknowledges that it was incorporated in American Samoa and that its principal place of business and principal assets are in American Samoa. Yet, Kava Bowl contends that, because it has some cash and accounting records in Honolulu and does some collection of accounts receivable in Honolulu, it has *sufficient* property within the District of Hawaii to grant this Bankruptcy Court jurisdiction over Kava Bowl. Kava Bowl further argues that, if it has filed in the wrong district for venue purposes, that pursuant to Bankruptcy Rule 1014(a)(1), this Court may retain the case or transfer it to any other district for the convenience

of the parties and witnesses and in the interests of justice. Kava Bowl contends that, if this Court does not retain this case, then this case cannot be transferred elsewhere, and Kava Bowl will be denied bankruptcy relief.

While some of these arguments might be persuasive if this court were initially concerned with the question of proper venue, it goes without saying that questions of venue do not arise unless there is proper jurisdiction.

This court finds that the keeping of accounting records and some cash in Hawaii and the collection of some accounts receivable in Hawaii do not constitute sufficient venue for jurisdiction in the Bankruptcy Court of the District of Hawaii. These activities are conducted in Hawaii merely for the convenience of the principal officers and shareholders of Kava Bowl, not for the convenience or benefit of Kava Bowl. In fact, Kava Bowl does not maintain an office in Honolulu; rather the foregoing activities are performed in the offices of Kalihi Bowl, Ltd., for its own convenience. The "property" which Kava Bowl maintains in Hawaii is not even property in the sense that there is no value to the records to any entity other than Kava Bowl. This "property" is not sufficient for jurisdiction nor would it be, given jurisdiction, sufficient for venue.

Kava Bowl chose to incorporate in American Samoa, to maintain its principal place of business there, to deal with creditors in American Samoa. Because it now finds the laws of American Samoa not to its liking, it cannot now choose to place itself within the jurisdiction of the Bankruptcy Court in the District of Hawaii, to the detriment of the creditors who have transacted with Kava Bowl as an American Samoan Corporation.

Based on the foregoing, this Court finds it has no jurisdiction over Kava Bowl's petition for relief under Chapter 11 in the District of Hawaii. Even if jurisdiction were proper in Hawaii, this Court should and would abstain from retaining jurisdiction since Kava Bowl is already in duly initiated receivership proceedings in American Samoa, where it was incorporated and is conducting business.

The instant proceeding is hereby dismissed for lack of jurisdiction.