### In re John IGLESIAS, Debtor.

### Bankruptcy No. 98–16080–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Nov. 6, 1998.

722

Deborah C. Menotte, West Palm Beach, FL, U.S. Trustee.

Michael R. Bakst, West Palm Beach, FL, for Trustee.

Eusebio Gonzalez, Miami, FL, for Debtor.

### ORDER DENYING TRUSTEE'S MOTION TO DISMISS

A. JAY CRISTOL, Chief Judge.

THIS CAUSE came before the Court on October 14, 1998 upon the Chapter 7 Trustee's Motion to Dismiss for Improper Venue and Debtor's Response thereto. The Trustee, relying on *Beverly Beach Properties v. Nelson*, 68 So.2d 604 (Fla.1953) and *In re Kava Bowl*, 41 B.R. 244 (Bankr.D.Haw.1984), asserts that the Debtor is ineligible for bankruptcy relief in this district, pursuant to 11 U.S.C. § 109(a), because he is not a resident of, or domiciled in the United States and has no property in the United States. The Debtor contends he is eligible for relief under the Bankruptcy Code because his primary asset, a bank account at a local bank within the Southern District of Florida, is considered to be "property in the United States," as that phrase is used in 11 U.S.C. § 109(a). The Debtor argues that, according to *In re Berthoud*, 231 F. 529 (S.D.N.Y. 1916), a bank account is considered to have its situs at the location where the bank is, physically. Thus, the account being at a bank located within the Southern District of Florida, the Debtor would be entitled to relief under the Bankruptcy Code in the Southern District of Florida. The Trustee disagrees with the Debtor's proposition and requests this Court determine that the situs of the Debtor's bank account is at the residence of the depositor, in this case Argentina, and the Debtor therefore has no property in the United States.

The Court finds that the cases offered by Trustee are factually distinguishable and unpersuasive. Section 109(a) of the Bankruptcy Code provides, in pertinent part:

> ...only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

Although the term "property" is not defined, it is undisputed that the bank account is property. The issue before the Court is whether this property is "in the United States" so as to allow this Debtor to be eligible for relief under the Bankruptcy Code. Consistent with the reasoning in *Berthoud*, 231 F. at 529, the Court believes it is. In *Berthoud*, the court was faced with the issue of whether the bankruptcy court had jurisdiction in a bankruptcy proceeding where the sole basis for jurisdiction was a bank account of an alien debtor. 231 F. at 529. The court concluded that the bank account, located in the United States, satisfied the "property" requirement, stating:

Whether the obligation of the [bank] to pay its depositor, Berthoud, be called a debt or a chose in action, the result is the same. It is clearly property, and has been so considered in many cases involving a wide variety of questions and, by a course of practical construction by courts of bankruptcy, a bank deposit, by whatever name called in law, has been regarded and treated as property.

In dealing with questions of personal property, situs largely depends upon the question involved in its ownership. Courts and Legislatures have placed the situs sometimes at the domicile of its owner, and sometimes at the place where the property is found. In cases where the property is a bank deposit or a chose in action of any kind, the situs may vary, as the case may be, by virtue of tax statutes, inheritance laws, statutes in respect of personal property, or business relations governed by the common law.

I think that Congress in the Bankruptcy Law did not intend that there should be any fine distinctions. The Bankruptcy Law has set up comprehensive machinery, whereby property throughout the United States with the aid of ancillary jurisdiction may be gathered in by the original court. 231 F. at 533.

 This Court agrees that the intent of section 109(a) was to consider the term "property" concisely. *See In re San Antonio Land & Irrigation Co.*, 228 F. 984 (S.D.N.Y. 1916). The situs of property is not to be determined by general doctrines which may be applicable in matters like the law of inheritance, but rather by power of efficient control. *San Antonio Land*, 228 F. at 990. This enables a bankruptcy court, which is a court of equity, to reach whatever assets any available judicial process can reach to protect creditors and safeguard the taxing powers. *San Antonio Land*, 228 F. at 990

 Thus, notwithstanding the fact the Debtor does not have a place of residence, domicile or business in the United States, Debtor's principal asset has its situs within this district, and venue is therefore proper in this Court. Moreover, the Debtor has no other assets in any other district of the United States, so venue would not lie in any other district pursuant to 28 U.S.C. § 1408. Accordingly, this district is the proper venue for this Debtor's bankruptcy case.

The Court is bewildered as to why this Debtor's creditors, who appear to be primarily credit card issuers from the United States, would extend credit to someone with only $522.00 in his bank account and whose income is only $522.00 per month, but the Court is hopeful that, during the course of these proceedings, its questions will be answered.

THE COURT having considered the Trustee's motion and the Debtor's response thereto, having heard the proffers, representations and arguments of counsel, and having reviewed the applicable authorities, it is

**ORDERED AND ADJUDGED** that the Trustee's Motion to Dismiss for Improper Venue is DENIED.